**Cire DEM, Petitioner,**

v.

**Eric H. HOLDER Jr.,[1] Attorney General, United States Department of Justice, Respondents.**

**No. 08–3529–ag.**

United States Court of Appeals, Second Circuit.

Sept. 16, 2009.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

708

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Tony West, Assistant Attorney General, Daniel E. Goldman, Senior Litigation Counsel, Theo Nickerson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington, D.C., for Respondents.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Cire Dem, a native and citizen of Mauritania, seeks review of a June 24, 2008 order of the BIA, affirming the November 8, 2006 decision of Immigration Judge ("IJ") Paul A. DeFonzo, which pretermitted Dem's application for asylum and denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Cire Dem*, No. A079 572 013 (B.I.A. June 24, 2008), *aff'g* No. A079 572 013 (Immig. Ct. N.Y. City Nov. 8, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's adverse credibility determination and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo*. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

### I. Asylum

■ The IJ pretermitted Dem's application for asylum based on Dem's failure to establish his date of entry into the United States. *See* 8 U.S.C. § 1158(a)(2)(B). We generally lack jurisdiction to review challenges to such findings. *See* 8 U.S.C. § 1158(a)(3). It was Dem's burden to establish his date of entry with clear and convincing evidence and the IJ found that the evidence he presented failed to meet that burden. The balance of Dem's arguments challenging the IJ's one-year bar finding are precisely the type of factual challenge we lack jurisdiction to review. *See* 8 U.S.C. § 1158(a)(3). We thus dismiss the petition for review to that extent.

### II. Withholding of Removal and CAT Relief

■ Dem's brief to the BIA argued that the IJ's "numerous reasons" for rendering an adverse credibility determination "were minor inconsistencies and not essential or material to [his] claim." The BIA upheld the IJ's credibility determination, but specifically noted that "[o]n appeal, [Dem] argues generally that he testified credibly, but does not specifically address the bases for the [IJ's] adverse credibility finding." Dem's brief to this Court challenges the IJ's credibility findings with much greater specificity but we do not consider those

arguments. Petitioners must exhaust any challenge to the denial of a category of relief. *See* 8 U.S.C. § 1252(d)(1). We generally will not consider arguments regarding individual issues that were not exhausted before the agency. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1, 122–23 (2d Cir.2007). Accordingly, a petitioner must challenge all findings that are dispositive of his claims, and the failure to do so is fatal to his petition for review. *See Steevenez v. Gonzales,* 476 F.3d 114, 117–118 (2d Cir.2007).

Because we find that Dem failed to exhaust any challenge to the bases of the IJ's adverse credibility determination, and because that finding was dispositive of his application for withholding of removal and CAT relief, we deny his petition for review. *See Steevenez,* 476 F.3d at 117–118.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).